IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| STATE OF TENNESSEE, STATE OF ALABAMA, STATE OF ARKANSAS, STATE OF GEORGIA, STATE OF IDAHO, STATE OF INDIANA, STATE OF IOWA, STATE OF LOUISIANA, STATE OF MONTANA, STATE OF NEBRASKA, STATE OF NORTH DAKOTA, STATE OF OHIO, STATE OF SOUTH CAROLINA, STATE OF SOUTH DAKOTA, STATE OF WEST VIRGINIA,<br><br>  *Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; DOROTHY A. FINK, in her official capacity as Acting Secretary of the U.S. Department of Health and Human Services; and U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES OFFICE OF CIVIL RIGHTS,<br><br>  *Defendants*. | Civil Action No. 3:25-cv-00025<br>Judge Katherine A. Crytzer<br>Magistrate Judge Jill E. McCook |

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND PRELIMINARY RELIEF**

The U.S. Department of Health and Human Services ("HHS") promulgated the *HIPAA Privacy Rule to Support Reproductive Health Care Privacy*, 89 Fed. Reg. 32,976 (Apr. 26, 2024) (the "Final Rule"), under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). The Final Rule became effective June 25, 2024, but parties "subject to" the Final Rule generally were not required to comply until December 23, 2024. *Id.* at 32,976. The Final Rule prohibits disclosures of protected health information related to "reproductive health care," broadly defined, for certain purposes and absent certain procedural standards. *Id.* at 33,062-66. Because Congress did not authorize HHS to

1

implement such disclosure requirements and the Final Rule is neither reasonable nor reasonably explained, the Plaintiff States seek summary judgment and an order "set[ting] aside" the Final Rule as "unlawful." 5 U.S.C. § 706(2)(A), (C). The Plaintiff States alternatively seek preliminary relief pending final judgment, including a preliminary injunction, Fed. R. Civ. P. 65, and stay under 5 U.S.C. § 705, which empowers courts to "issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve status or rights pending conclusion of the review proceedings."

## SUMMARY JUDGMENT

Under Federal Rule of Civil Procedure 56, the Plaintiff States respectfully move this Court for entry of an Order granting summary judgment on their claims. The Plaintiff States contend HHS exceeded its statutory authority and acted arbitrarily and capriciously in promulgating the Final Rule.

As discussed in the supporting Memorandum, there is no genuinely disputed issue as to any material fact. The Plaintiff States are entitled to judgment as a matter of law that HHS exceeded its statutory authority, *see* 5 U.S.C. § 706(2)(C), and acted arbitrarily and capriciously, *see id.* § 706(2)(A), in promulgating the Final Rule. Accordingly, the Plaintiff States respectfully ask this Court to grant summary judgment in their favor and grant the following relief:

(A) A judgment declaring the Final Rule violates the Administrative Procedure Act ("APA") and vacating the Final Rule;

(B) Any and all other relief the Court deems just and proper.

## PRELIMINARY RELIEF

Alternatively, the Plaintiff States respectfully move this Court for entry of preliminary relief under Federal Rule of Civil Procedure 65 and 5 U.S.C. § 705, postponing the effective date of the Final Rule to avert irreparable sovereign and financial injury pending judicial review of the Final Rule.

For the reasons provided in the supporting Memorandum, the Plaintiff States meet the requirements for preliminary relief under Rule 65 and 5 U.S.C. § 705:

2

1. The Plaintiff States' challenge to the Final Rule has a high probability of success on the merits because the Final Rule violates the APA. HIPAA does not provide HHS authority to promulgate the Final Rule. In fact, the Final Rule's infringing of state authority is contrary to HIPAA's statutory commands. And HHS promulgated the Final Rule relying on factors Congress has not intended it to consider and failing to consider important aspects of the Final Rule's problems.

2. Without preliminary relief, the Plaintiff States will suffer immediate and irreparable harm. The Final Rule is hampering important state investigations into billing fraud, unsafe medical facilities, and the like; injuring the public fisc; and forcing the Plaintiff States to expend resources on compliance costs associated with the Final Rule. In other words, the Final Rule is infringing the Plaintiff States' police powers and costing them time and money. In the absence of an Order vacating the Final Rule, the Plaintiff States can be protected from those irreparable injuries only by preliminary relief enjoining enforcement of the Final Rule against the Plaintiff States, their HIPAA-covered entities, and their investigative agencies, or postponing the effective date of the Final Rule until after this Court renders final judgment.

3. The equities favor granting preliminary relief. Absent such relief, the Final Rule is costing the Plaintiff States resources and infringing on their traditional police powers. By contrast, preliminary relief would not substantially harm Defendants.

4. Preliminary relief is also in the public interest. The public interest lies in a correct application of the law. Besides, the Final Rule's impeding state investigations of, for example, possibly dangerous medical facilities, endangers the public.

The Plaintiff States therefore respectfully request that the Court grant this Motion and enter an Order under Federal Rule of Civil Procedure 65 and 5 U.S.C. § 705 containing the following relief:

- Preliminarily enjoin Defendants from taking, endorsing, or allowing any action against the Plaintiff States, their HIPAA-covered entities, or their investigative agencies pursuant to the Final Rule; and/or
- Stay the Final Rule's current effective date of June 25, 2024, and allow the Plaintiff States to continue operating under the pre-Final Rule status quo until this Court issues Final Judgment on the Plaintiff States' claims.

## ORAL ARGUMENT REQUEST

The Plaintiff States have provided courtesy copies of these filings to attorneys at the United States Department of Justice litigating similar cases. Their position on the relief sought is unknown. Plaintiff States are filing a Memorandum in Support of this Motion, along with exhibits. Plaintiff States respectfully request oral argument on this Motion.

Date: February 7, 2025

Respectfully submitted,

*/s/ Harrison Gray Kilgore*
WHITNEY HERMANDORFER
Director of Strategic Litigation
HARRISON GRAY KILGORE
Strategic Litigation Counsel and
Assistant Solicitor General
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, Tennessee 37202
(615) 741-8726
Whitney.Hermandorfer@ag.tn.gov
Harrison.Kilgore@ag.tn.gov

*Counsel for Plaintiff the State of Tennessee*

4

| | |
|---|---|
| **STEVE MARSHALL**<br>　Attorney General of Alabama | **TIM GRIFFIN**<br>　Arkansas Attorney General |
| | |

/s/ *Dylan Mauldin*　　　　　　　　　
DYLAN MAULDIN*
　*Assistant Solicitor General*
OFFICE OF THE ALABAMA ATTORNEY
　GENERAL
501 Washington Avenue
Montgomery, AL 36130
334.353.0068
334.353.8400 (fax)
Dylan.Mauldin@alabamaag.gov
*Counsel for Plaintiff State of Alabama*

/s/ *Dylan L. Jacobs*　　　　　　　　
DYLAN L. JACOBS****
　*Interim Solicitor General*
OFFICE OF THE ARKANSAS
　ATTORNEY GENERAL
323 Center Street, Suite 200
Little Rock, Arkansas 72201
(501) 682-2007
(501) 682-2591 (fax)
Dylan.Jacobs@arkansasag.gov
*Counsel for Plaintiff State of Arkansas*

**CHRISTOPHER CARR**
　Attorney General of Georgia

**RAÚL R. LABRADOR**
　Idaho Attorney General

/s/ *Elijah O'Kelley*　　　　　　　　
ELIJAH O'KELLEY*
　Assistant Solicitor General
OFFICE OF THE ATTORNEY GENERAL OF
GEORGIA
40 Capitol Square SW
Atlanta, Georgia 30334
(470) 816-1342
Eokelley@law.ga.gov
*Counsel for Plaintiff State of Georgia*

/s/ *Sean M. Corkery*　　　　　　　
SEAN M. CORKERY*
　Assistant Solicitor General
OFFICE OF THE IDAHO ATTORNEY GENERAL
P.O. Box 83720
Boise, ID 83720
(208) 334-2400
Jack.Corkery@ag.idaho.gov
*Counsel for Plaintiff State of Idaho*

**THEODORE E. ROKITA**
　Attorney General of Indiana

**BRENNA BIRD**
　Iowa Attorney General

/s/ *James A. Barta*　　　　　　　　
JAMES A. BARTA*
　Solicitor General
INDIANA ATTORNEY GENERAL'S OFFICE
IGC South, Fifth Floor
302 W. Washington St.
Indianapolis, Indiana 46204
(317) 232-0709
James.Barta@atg.in.gov
*Counsel for Plaintiff State of Indiana*

/s/ *Eric H. Wessan*　　　　　　　　
ERIC H. WESSAN**
　Solicitor General
OFFICE OF THE IOWA ATTORNEY GENERAL
1305 E. Walnut Street
Des Moines, Iowa 50319
(515) 823-9117
(515) 281-4209 (fax)
Eric.Wessan@ag.iowa.gov
*Counsel for Plaintiff State of Iowa*

**LIZ MURRILL**
  Louisiana Attorney General

/s/ *J. Benjamin Aguiñaga*
J. BENJAMIN AGUIÑAGA**
  Solicitor General
LOUISIANA DEPARTMENT OF JUSTICE
1885 N. Third Street
Baton Rouge, LA 70804
(225) 326-6766
AguinagaB@ag.louisiana.gov
*Counsel for Plaintiff State of Louisiana*

**MICHEAL T. HILGERS**
  Nebraska Attorney General

/s/ *Lincoln J. Korell*
LINCOLN J. KORELL**
  Assistant Solicitor General
OFFICE OF THE NEBRASKA ATTORNEY
  GENERAL
2115 State Capitol
Lincoln, NE 68509
(402) 471-2682
Lincoln.Korell@nebraska.gov
*Counsel for Plaintiff State of Nebraska*

**DAVE YOST**
  Ohio Attorney General

/s/ *T. Elliot Gaiser*
T. ELLIOT GAISER***
  Solicitor General
OFFICE OF THE OHIO ATTORNEY GENERAL
30 East Broad Street, 17th Floor
Columbus, Ohio 43215
(614) 466-8980
Thomas.Gaiser@ohioago.gov
*Counsel for Plaintiff State of Ohio*

**AUSTIN KNUDSEN**
  Attorney General of Montana

/s/ *Peter M. Torstensen, Jr.*
PETER M. TORSTENSEN, JR.**
  Deputy Solicitor General
MONTANA DEPARTMENT OF JUSTICE
215 N. Sanders Street
Helena, Montana 59601
(406) 444-2026
Peter.Torstensen@mt.gov
*Counsel for Plaintiff State of Montana*

**DREW H. WRIGLEY**
  Attorney General of North Dakota

/s/ *Philip Axt*
PHILIP AXT**
  Solicitor General
OFFICE OF THE ATTORNEY GENERAL
600 E. Boulevard Ave., Dept. 125
Bismarck, ND 58505
(701) 328-2210
Pjaxt@nd.gov
*Counsel for Plaintiff State of North Dakota*

**ALAN WILSON**
  South Carolina Attorney General

/s/ *Benjamin M. McGrey*
BENJAMIN M. MCGREY*
  Assistant Deputy Solicitor General
OFFICE OF THE ATTORNEY GENERAL
OF SOUTH CAROLINA
1000 Assembly Street
Columbia, SC 29201
(803) 734-4127
Benmcgrey@scag.gov
*Counsel for Plaintiff State of South Carolina*

| | |
|---|---|
| **MARTY J. JACKLEY**<br>   Attorney General of South Dakota | **JOHN B. MCCUSKEY**<br>   West Virginia Attorney General |
| /s/ *Jonathan Van Patten*<br>JONATHAN VAN PATTEN***<br>   Assistant Attorney General<br>OFFICE OF THE ATTORNEY GENERAL<br>STATE OF SOUTH DAKOTA<br>1302 E. Hwy. 14, Suite #1<br>Pierre, SD  57501<br>(605) 773-3215<br>Jonathan.VanPatten@state.sd.us<br>*Counsel for Plaintiff State of South Dakota* | /s/ *Michael R. Williams*<br>MICHAEL R. WILLIAMS*<br>   Solicitor General<br>OFFICE OF THE WEST VIRGINIA ATTORNEY GENERAL<br>State Capitol Complex<br>Building 1, Room E-26<br>Charleston, WV 25305<br>(304) 558-2021<br>Michael.R.Williams@wvago.gov<br>*Counsel for Plaintiff State of West Virginia* |

*Admitted Pro Hac Vice
** Application for Pro Have Vice pending
*** Application for Pro Hac Vice forthcoming
**** Application for full admission pending

**CERTIFICATE OF SERVICE**

   I hereby certify that a true and correct copy of the foregoing document was served via the Court's electronic filing system on this 7th day of February, 2025 to all counsel of record. The document was further served via email on the following, who is representing the Defendants in two parallel challenges to the Final Rule in the United States District Court for the Northern District of Texas:

Jody Dale Lowenstein
US Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
202-598-9280
jody.d.lowenstein@usdoj.gov


*Counsel for Defendants in Texas v. HHS*, No. 5:24-cv-204 (N.D. Tex.) & *Purl v. HHS*, No. 2:24-CV-228 (N.D. Tex)


               */s/ Harrison Gray Kilgore*
               HARRISON GRAY KILGORE
               Office of the Tennessee Attorney General
               P.O. Box 20207
               Nashville, Tennessee 37202
               Harrison.Kilgore@ag.tn.gov

               *Counsel for Plaintiff the State of Tennessee*