# EXHIBIT H

Declaration of Michael Targia, Chief of the Bureau of Internal Audits and Program Integrity
at the South Carolina Department of Health and Human Services

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEEE
KNOXVILLE DIVISION

| | |
|---|---|
| STATES OF TENNESSEE, ALABAMA, ARKANSAS, GEORGIA, IDAHO, INDIANA, IOWA, LOUISIANA, MONTANA, NEBRASKA, NORTH DAKOTA, OHIO, SOUTH CAROLINA, SOUTH DAKOTA, and WEST VIRGINIA,<br><br>*Plaintiffs,*<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; XAVIER BECERRA, in his official capacity as Secretary of Health and Human Services; and U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES OFFICE OF CIVIL RIGHTS,<br><br>*Defendants.* | Civil Action No. 25-cv-25 |

## DECLARATION OF MICHAEL TARGIA

Pursuant to 28 U.S.C. § 1746, I, Michael Targia, duly affirm under penalty of perjury as follows:

1. I am over 18 years of age, have personal knowledge of the matters set forth herein, and am competent to make this declaration.

2. I serve as Chief of the Bureau of Internal Audits and Program Integrity ("Bureau") at the South Carolina Department of Health and Human Services ("SCDHHS"). The Bureau's responsibilities include conducting reviews of all health care provider types including, but not

limited to, hospitals (inpatient and outpatient), rural health clinics, federally- qualified health clinics, pharmacies, Ambulatory Surgical Centers (ASCs), End Stage Renal Disease (ESRD) clinics, physicians, dentists, other health care professionals, speech, PT and OT therapists, Long-Term Living (LTL) providers, durable medical equipment providers, transportation providers and behavioral and mental health care providers.

3. The Bureau conducts both announced and unannounced onsite reviews, and/or desk reviews of any current or formerly enrolled provider, agency-contracted provider, or agent thereof, at any time to determine whether the provider is complying with all applicable laws, rules, regulations and agreements. During such reviews, Bureau staff may request medical records and related documents from entities covered under the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996) (HIPAA), seeking protected health information (PHI) to ensure compliance with all applicable laws, rules, regulations and agreements. The Bureau is authorized to make such requests under 45 C.F.R. § 164.512.

4. For example, the Bureau routinely requests medical records and other documents from Medicaid providers. These records and documents are used to ensure compliance with all applicable laws, rules, regulations and agreements. This information is frequently requested with imperfect knowledge of the possible misconduct being perpetrated because, before receiving the requested information, it is impossible to know the particulars of the conduct.

5. Indeed, obtaining medical records and PHI is crucial to the investigation and litigation of health care fraud. It is a necessary component to proving various fraud schemes, including improper billing of care, rendering unnecessary or excessive services, billing for services that were not rendered, and other complex allegations.

6. If the Bureau suspects a provider of fraud or abuse, the case must be referred to the Medicaid Fraud Control Unit at the South Carolina Attorney General's Office pursuant to 42 C.F.R. § 455.15.

7. I am aware of the Department of Health and Human Services' *HIPAA Privacy Rule to Support Reproductive Health Care Privacy*, 89 Fed. Reg. 32,976 (Apr. 26, 2024) (the "Final Rule"), which took effect on June 25, 2024, although compliance with the Final Rule generally was not required until December 23, 2024, *id.* at 32,976.

8. The Final Rule has created barriers to investigation, impeding our ability to detect healthcare fraud in South Carolina.

9. Promulgated in response to the Supreme Court's decision in *Dobbs v. Jackson Women's Health Organization*, 597 U.S. 215 (2022), the Final Rule places limits on the disclosure and use of patient information related to "reproductive health care," which it broadly defines as "health care ... that affects the health of an individual in all matters relating to the reproductive system and to its functions and processes," 45 C.F.R. § 160.103.

10. Specifically, the Final Rule prohibits covered entities from disclosing PHI where it will be used for any of the following activities:

> (1) To conduct a criminal, civil, or administrative investigation into any person for the mere act of seeking, obtaining, providing, or facilitating reproductive health care.
>
> (2) To impose criminal, civil, or administrative liability on any person for the mere act of seeking, obtaining, providing, or facilitating reproductive health care.

45 C.F.R. § 164.502(a)(5)(iii)(A).

11. If the covered entity concludes that one of these two conditions exists, it cannot disclose the requested information if it "reasonably determine[s]" that the "reproductive health care," at issue is either (1) "lawful under the law of the state in which such health care is provided

under the circumstances in which it is provided," or (2) "protected, required, or authorized by Federal law, including the United States Constitution, under the circumstances in which such health care is provided, regardless of the state in which it is provided." *Id.* § 164.502(a)(5)(iii)(B).

12. In making that assessment, the Final Rule creates a presumption that reproductive health care provided by another person is lawful under (a)(5)(iii)(B)(1) or (2)—and so not subject to investigation by a State—unless the covered entity or business associate has either:

> (1) Actual knowledge that the reproductive health care was not lawful under the circumstances in which it was provided[, or];
>
> (2) Factual information supplied by the person requesting the use or disclosure of protected health information that demonstrates a substantial factual basis that the reproductive health care was not lawful under the specific circumstances in which it was provided.

*Id.* § 164.502(a)(5)(iii)(C).

13. The covered entity that receives a request for PHI itself makes these determinations—including legal assessments of state and federal laws. And if the covered entity determines that any of the conditions barring disclosure exist, it may deny the request. The Final Rule does not provide explicit recourse for the requesting entity.

14. Under the Final Rule, covered entities also must require attestations with a request for PHI that is potentially related to "reproductive health care" data. *Id.* § 164.509(a). Such attestations are required under the Final Rule even when regulatory conditions on disclosures for law enforcement purposes are otherwise met. *See id.*; *id.* § 164.512(f)(1)-(6)

15. Again, the Final Rule places the power to assess the lawfulness or validity of any PHI request entirely with the covered entity to which the request is made. So, even after making an attestation it does not necessarily follow that the requesting party will receive the requested information, as discretion whether to disclose the PHI remains with the covered entity. This means

that in some cases the entity who is potentially engaging in fraud will have a veto on investigators' ability to obtain records necessary for their investigation.

16. The Final Rule requires members of the Bureau in some cases to attest, upon threat of criminal penalty, to facts that are difficult or impossible to know at the preliminary stages of an investigation. If we have imperfect knowledge of an investigation such that we are unable to attest to the facts required under the Final Rule, we cannot meaningfully begin conducting investigations.

17. And given the criminal liability associated with HIPAA violations, my team will have to consult extensively with SCDHHS counsel as well as with the South Carolina Attorney General's office to determine how, if possible, to comply with the Final Rule's attestation requirements without triggering potential criminal liability.

18. The Final Rule is actively making it difficult or impossible to make records and other information requests necessary to even detect Medicaid fraud. The Bureau received a letter on January 28, 2025 from a medical provider declining to produce records in the absence of an attestation in accordance with the Final Rule (see *Attachment A* to this Declaration). We have paused all requests for billing data and medical records from covered entities who are requiring an attestation until we know how the attestation requirement impacts our team's exposure to potential criminal liability.

19. It is my understanding that covered entities in other states have refused to disclose information without an attestation required by the Final Rule even in cases that are far afield from "reproductive health care." We expect similar obstacles in South Carolina.

20. Ultimately, the Final Rule is complicating my team's duty and ability to detect and investigate instances of Medicaid fraud. Because of the Final Rule, provider reviews that the Bureau is undertaking are consuming more resources than they did before the Final Rule's

effective date. And the Final Rule is impacting the Bureau's strategic investigative decisions. For those reasons, the Final Rule is impacting the public health and safety of the State of South Carolina because it is delaying, impeding, and deterring viable fraud investigations.

FURTHER, Declarant Sayeth Naught.

_____
Michael Targia

January 31, 2025

# Attachment A

# IMPORTANT INFORMATION REGARDING YOUR REQUEST FOR MEDICAL RECORDS

01/13/2025

From

    Anmed Health Arrhythmia Spec
    2000 E Greenville St
    Anderson SC 29621-1723

SCDHHS

JAN 28 2025

PI/SURS

To

    SC DHHS
    PO BOX 8206
    COLUMBIA SC 29202-8206

Re:

We are unable to comply with your request at this time for the following reason(s):

**Reproductive Health Attestation Required**

Attestation or Authorization Required: Reproductive Health

The U.S. Department of Health and Human Services has recently imposed a requirement we believe prohibits the disclosure of HIPAA-covered protected health information that you requested (45 C.F.R. § 164.509).

To address this requirement and permit a response to your request, you will need to provide either: (1) a completed attestation or (2) an authorization from the patient (or their personal representative) to whom the records you requested pertain.

To facilitate your request and meet this new requirement, we have enclosed for your review an explanation of the new requirement from DHHS and the form of attestation they require.

Please return the completed attestation to us, or provide a patient authorization, so that we may process your request.

Sincerely,
Anmed Health Arrhythmia Spec

# Model Attestation Regarding a Requested Use or Disclosure of Protected Health Information Potentially Related to Reproductive Health Care

*(The entire form must be completed for the attestation to be valid. This attestation document may be provided in electronic format, and electronically signed by the person requesting protected health information when the electronic signature is valid under applicable Federal and state law.)*

Name of person(s) or **specific identification** of the class of persons to receive the requested PHI. *(e.g., name of investigator and/or agency making the request)*:

_____

Name or other **specific identification** of the person or class of persons from whom you are requesting the use or disclosure. *(e.g., name of covered entity or business associate that maintains the PHI and/or name of their workforce member who handles requests for PHI)*:

_____

Description of **specific** PHI requested, including name(s) of individual(s), if practicable, or a description of

the class of individuals, whose protected health information you are requesting. *(e.g., visit summary for [name of individual] on [date]; list of individuals who obtained [name of prescription medication] between [date range])*:

_____

_____

I attest that the use or disclosure of PHI that I am requesting is not for a purpose prohibited by the HIPAA Privacy Rule at 45 CFR 164.502(a)(5)(iii) because of one of the following *(check one box)*:

☐ The purpose of the use or disclosure of protected health information is not to investigate or impose liability on any person for the mere act of seeking, obtaining, providing, or facilitating reproductive health care or to identify any person for such purposes.

☐ The purpose of the use or disclosure of protected health information is to investigate or impose liability on any person for the mere act of seeking, obtaining, providing, or facilitating reproductive health care, or to identify any person for such purposes, but the reproductive health care at issue was not lawful under the circumstances in which it was provided.

I understand that I may be subject to criminal penalties pursuant to 42 U.S.C. 1320d-6 if I knowingly and in violation of HIPAA obtain individually identifiable health information relating to an individual or disclose individually identifiable health information to another person.

*Signature of the person requesting the PHI:* _____

*Date:* _____ *Printed Name:* _____

If you have signed as a representative of the person requesting PHI, provide a description of your authority to act for that person: _____