# EXHIBIT O

Declaration of Amy Osborne, Section Chief of Licensing Enforcement of the State of Indiana's Office of the Attorney General

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION**

| | |
|---|---|
| STATES OF TENNESSEE, ALBAMA, ARKANSAS, GEORGIA, IDAHO, INDIANA, IOWA, LOUISIANA, MONTANA, NEBRASKA, NORTH DAKOTA, OHIO, SOUTH CAROLINA, SOUTH DAKOTA, and WEST VIRGINIA, | ) ) ) ) ) ) |
| | ) |
| *Plaintiffs*, | ) ) |
| | ) Civil Action No. 25-cv-00025 |
| v. | ) |
| | ) |
| U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; XAVIER BECERRA, in his official capacity as Secretary of Health and Human Services; and U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES OFFICE OF CIVIL RIGHTS, | ) ) ) ) ) ) |
| | ) |
| *Defendants.* | ) |

## DECLARATION OF AMY OSBORNE

Pursuant to 28 U.S.C. § 1746, I, Amy J. Osborne, in my official capacity, duly affirm under penalty of perjury as follows:

1.      I am over 18 years of age, have personal knowledge of the matters set forth herein, and am competent to make this declaration.

2.      I serve as the Section Chief of Licensing Enforcement of the State of Indiana's Office of the Attorney General. The Office of the Attorney General's Consumer Protection Division (the Division) is empowered to receive, investigate, and prosecute complaints concerning regulated professional occupations in Indiana. Ind. Code § 25-1-7-2. Indiana law dictates that the Division's authority to protect consumers is to be liberally construed and applied to promote the Division's purpose and policies for protecting consumers. Ind. Code § 24-5-0.5-1.

1

3.     The Division is responsible for investigating consumer complaints for approximately 57,642 licensees.

4.     In 2024 alone, the Division investigated approximately 1,700 consumer complaints related to medical, nursing, and physician assistant licenses alone.

5.     This authority includes the authority to "investigate any written complaint against a license" and "to subpoena witnesses and to send for and compel the production of books, records, papers, and documents for the furtherance of any investigation under this chapter." Ind. Code § 25-1-7-5(b)(4)–(5).

6.     The Division exercises that authority by subpoenaing books, records, papers, and documents from various health organizations including hospitals, medical service centers, and individual medical professionals.

7.     Because of their obligations under state and federal law, *see, e.g.*, Ind. Code § 25-1-7-5(b)(5); 42 C.F.R. § 489.53(a)(18), health care facilities in the past immediately complied with survey requirements, including by providing requested records.

8.     I am aware of the Department of Health and Human Services' *HIPAA Privacy Rule to Support Reproductive Health Care Privacy*, 89 Fed. Reg. 32,976 (Apr. 26, 2024) (the "Final Rule"), which took effect on June 25, 2024, although compliance with the Final Rule generally was not required until December 23, 2024, *id.* at 32,976.

9.     The Final Rule is currently hindering several of the Division's investigations.

10.     The Division has at least ten outstanding subpoenas against health care providers in Indiana, all of whom have declined to provide documents based on the Final Rule. The Division has filed two petitions to enforce in Indiana state court, which were removed to federal court.

2

Neither matter has yet been resolved. These petitions are filed under seal because the Division's investigations are confidential, pursuant to Ind. Code § 25-1-7-10(a).

11. Even in investigations where the Division does not have to file a petition to enforce, the Final Rule has still added additional steps and time to the Division's valid investigations. Health care providers now require the Division to provide a patient release before they are willing to provide a response to any consumer complaint filed against them. Neither federal nor state law requires such a response. In instances where the Division has not been able to secure this release of information from a patient, the health care provider has refused to provide a response to the consumer complaint, claiming that they cannot do so without a legal requirement to do so under the Final Rule. Thus, the Final Rule is complicating the Division's duty and ability to investigate consumer complaints against health care providers. Because of the Final Rule, the Division's investigations are consuming more resources than they did before the Final Rule's effective date. And the Final Rule is actively thwarting pressing investigations. For those reasons, the Final Rule is impacting the public health and safety of the State of Indiana because it is delaying, impeding, and deterring viable investigations.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed on this 6th day of February 2025.

Amy J. Osborne
Section Chief of Licensing Enforcement
Indiana Office of the Attorney General