# EXHIBIT P

Declaration of Benjamin W. Karrasch, Section Chief of the Health Care Fraud Section at the Ohio Attorney General's Office

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEEE
KNOXVILLE DIVISION

| | |
|---|---|
| STATES OF TENNESSEE, ALABAMA, ARKANSAS, GEORGIA, IDAHO, INDIANA, IOWA, LOUISIANA, MONTANA, NEBRASKA, NORTH DAKOTA, OHIO, SOUTH CAROLINA, SOUTH DAKOTA, and WEST VIRGINIA, <br><br> *Plaintiffs*, <br><br> v. <br><br> U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; XAVIER BECERRA, in his official capacity as Secretary of Health and Human Services; and U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES OFFICE OF CIVIL RIGHTS, <br><br> *Defendants*. | Civil Action No. 25-cv-25 |

## DECLARATION OF BENJAMIN KARRASCH

Pursuant to 28 U.S.C. § 1746, I, Benjamin W. Karrasch, duly affirm under penalty of perjury as follows:

1. I am over 18 years of age, have personal knowledge of the matters set forth herein, and am competent to make this declaration.

2. I serve as the Section Chief of the Health Care Fraud Section at the Ohio Attorney General's Office. The Health Care Fraud Section includes the Ohio Medicaid Fraud Control Unit (MFCU). The MFCU's responsibilities include investigating allegations of Medicaid provider fraud in the Ohio Medicaid program and instances of abuse and neglect in Ohio's long-term care facilities pursuant to the Ohio Revised Code § 109.85-86.

3. As part of my responsibilities, I oversee a unit that regularly sends Requests for Information (RFIs) to entities covered under the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996) (HIPAA), seeking protected health information (PHI) to investigate Medicaid fraud. The Ohio MFCU is authorized to make such requests under 45 C.F.R. § 164.512.

4. I have reviewed the Department of Health and Human Services' *HIPAA Privacy Rule to Support Reproductive Health Care Privacy*, 89 Fed. Reg. 32,976 (Apr. 26, 2024) (the "Final Rule"), which took effect on June 25, 2024, although compliance with the Final Rule generally was not required until December 23, 2024, *id.* at 32,976.

5. The Final Rule has created compliance costs and additional barriers to investigations, by requiring providers, plans, and clearinghouses to obtain a signed attestation that declares that the use or disclosure of the PHI is not for a prohibited purpose. This additional step impedes our investigations of health care fraud in Ohio.

6. The Ohio MFCU routinely and often requests billing data from Managed Care Entities (MCEs) who have contracted with the Ohio Department of Medicaid to administer the Ohio Medicaid program. This data is used to follow up on leads on possible violations of the Ohio Revised Code. The Ohio MFCU frequently must request this information with imperfect knowledge of the possible misconduct being investigated because, before receiving the data, it is impossible to know the particulars of the investigation. Further, the Ohio MFCU is required to complete the required attestation form even when the requested data is not asking for reproductive health records.

7. Obtaining medical records and PHI is crucial to the investigation and litigation of health care fraud. It is a necessary component to proving or disproving various fraud schemes, including improper billing of care, rendering unnecessary or excessive services, billing for services that were not rendered, and other complex allegations.

8. Even after our office receives billing data, more investigation is generally required. To conduct investigations into health care fraud, it is necessary to issue subpoenas, authorized under state law, to health care providers in order to obtain medical records and compare billing data with services rendered, as reflected in the medical records.

9. In many instances where a lawful subpoena or record request has been issued to certain providers, the requested records are returned through a third-party portal. In these instances, while waiting on the responsive documents, we sometimes receive a notice in the portal that the documents are on hold pending the required attestation. These attestations are demanded even when the records at issue are not demanding reproductive health records.

10. Under the Final Rule, covered entities also must require attestations with a request for PHI that is potentially related to "reproductive health care" data. *Id.* § 164.509(a). Such attestations are required under the Final Rule even when regulatory conditions on disclosures for law enforcement purposes are otherwise met. *See id.*; *id.* § 164.512(f)(1)-(6)

11. My office has had to expend additional time and resources to determine how to comply with the Final Rule's attestation requirements because they are vague and overbroad.

12. Ultimately, the Final Rule is creating additional burdens to my team's duty and ability to investigate Medicaid fraud in Ohio. Because of the Final Rule, fraud investigations that the Ohio MFCU is undertaking are consuming more resources than they did before the Final Rule's effective date.

Date: __2/7/25__   _____