# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# KNOXVILLE DIVISION

| | |
|---|---|
| State of Tennessee, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> United States Department of Health and Human Services, *et. al.*, <br><br> *Defendants*. | Civil Action No. 3:25-cv-00025 |

### REPLY IN SUPPORT OF PROPOSED INTERVENOR-DEFENDANTS' MOTION FOR LEAVE TO INTERVENE

Proposed Intervenor-Defendants, the City of Columbus, Ohio ("Columbus"), the City of Madison, Wisconsin ("Madison"), and Doctors for America ("DFA") (collectively, "Proposed Intervenors") moved to intervene in this litigation to defend the *HIPAA Privacy Rule to Support Reproductive Health Care Privacy* (the "2024 Rule") 89 Fed. Reg. 32976 (Apr. 26, 2024), promulgated last year by the Department of Health and Human Services (the "Department") under the Health Insurance Portability and Accountability Act ("HIPAA"), Pub. L. 104-191, 110 Stat. 1936. *See* Mem. in Supp. of Proposed Intervenor-Defs.' Mot. for Leave to Intervene ("MTI"), ECF No. 32. Plaintiffs do not oppose Proposed Intervenors' motion. Defendants do. *See* Defs.' Opp. to Proposed Intervenor-Defs.' Mot. for Leave to Intervene ("Defs.' Opp. to MTI"), ECF No. 90.[1] According to Defendants, Proposed Intervenors show neither the substantial legal interest

---

[1] Defendants do not challenge the timeliness of the Proposed Intervenors' motion or claim to adequately defend Proposed Intervenors' interests and thus waive those arguments. *Scottsdale*

nor the potential impairment of interest required for mandatory intervention, and also lack the claim or common defense required for permissive intervention.[2] *See* Defs.' Opp. to MTI at 1. But Defendants both misconstrue Proposed Intervenors' arguments and misunderstand the liberal thrust of Rule 24. As explained in their brief in support of their Motion for Leave to Intervene and below, Proposed Intervenors satisfy all requirements for mandatory intervention, Fed. R. Civ. P. 24(a)(2), or, in the alternative, permissive intervention, Fed. R. Civ. P. 24(b). Their motion should be granted.

I. **Proposed Intervenors are entitled to intervention as of right.**

   a. **Proposed Intervenors have substantial legal interests in this matter.**

To argue that Proposed Intervenors do not have a "substantial legal interest," Defendants ignore both facts presented by Proposed Intervenors and governing Sixth Circuit precedent. Throughout their opposition, Defendants ignore that "interest" must be construed "liberally," *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir.1987), and "broadly in favor of the applicants," *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1246 (6th Cir. 1997) (quotation omitted); *see also* MTI at 2, 4, and 7. Even if this were a close case, "close cases should be resolved in favor of recognizing an interest under Rule 24(a)." *Miller*, 103 F.3d at 1247. But this is not a close case: Together, Proposed Intervenors' interests—the fact that they and their members are regulated by

---

*Ins. Co. v. Flowers*, 513 F.3d 546, 552 (6th Cir. 2008) (generally, arguments "not raised before the district court [are] waived on appeal").

[2] This Reply does not address Defendants' argument that this Court lacks jurisdiction over this case, Defs.' Opp. to MTI at 2, as this argument has already been briefed elsewhere and is not relevant to the Motion for Intervention. *See* Prop. Intervenors' Opp. to Mot. for Summ. J. & Prelim. Inj., ECF No. 64; Defs.' Opp. to Pls.' Mot. for Summ. J. & Prelim. Relief & Cross-Mot. to Dismiss, ECF No. 65; Pls.' Resp. to Defs.' Mot. to Dismiss and Reply in Supp. of Mot. for Summ. J. & Prelim. Relief, ECF No. 88.

it, MTI at 8–9, their interests in preserving and promoting the patient-provider relationship, MTI at 9–12, the cities' interest in promoting public health, MTI at 12–13, and DFA's historical and ongoing advocacy, MTI at 13–14—clearly demonstrate a substantial, legally protectable interest in preserving the 2024 Rule.

*Michigan State AFL-CIO v. Miller* demonstrates that courts should consider *all* of proposed intervenors' asserted interests to determine whether they have a "substantial legal interest" sufficient to be granted intervention under 24(a)(2). 103 F.3d at 1245. In *Miller*, the Court found that a chapter of the Chamber of Commerce ("the Chamber") had the right to intervene in litigation challenging an amendment to campaign-finance legislation that it had helped draft. *Id*. at 1243. Consistent with prior precedent, the *Miller* court adopted an "expansive notion of the interest sufficient to invoke intervention of right" and concluded that participation in the legislation at issue supports an intervenor's interest in that litigation. *Id*. at 1245–1247. The Court explained that the Chamber was:

> (1) a vital participant in the political process that resulted in legislative adoption of the [amendments at issue] in the first place, (2) a repeat player in [related] Campaign Finance Act litigation, (3) a significant party which is adverse to the challenging union in the political process surrounding Michigan state government's regulation of practical campaign financing, and (4) an entity also regulated by at least three of the four statutory provisions challenged by plaintiffs.

*Id.* The enumerated four findings are obviously not a set of factors that a proposed intervenor must satisfy, but rather the result of the "facts unique to [the] particular case." *Id.* at 1247.

Defendants, however, seem to think these enumerated case-specific findings are factors that must be met, arguing that "*none* of those factors are present." Defs.' Opp. to MTI at 5 (emphasis in original). That argument is not only legally incorrect, but also wrong as factual matter. Several are present: Proposed Intervenors or their members are entities regulated by the

3

2024 Rule, MTI at 8–9, DFA has a history of advocacy in reproductive healthcare and health policy, MTI at 13–14, and DFA, Columbus, and Madison are repeat players in litigation over the 2024 Rule.³ Defendants also argue that being a regulated entity alone and having a history of advocacy alone do not confer substantial legal interest. *See* Defs.' Opp. to MTI at 3 ("[P]roposed intervenors cannot establish a sufficient interest in this litigation based *merely* on the fact that the Rule regulates certain DFA members and the [city] health departments[.]") (emphasis added), and 5 ("DFA suggests that its 'history of advocacy' in the health care field gives it a substantial interest in this litigation."). But Proposed Intervenors do not assert that they are "merely" regulated entities or that DFA's advocacy alone amounts to a substantial legal interest. As in *Miller*, those interests should be considered *with* Proposed Intervenors' additional interests in preserving and promoting

---

³ Proposed Intervenors have sought to intervene in all four cases challenging the 2024 Rule. *State of Texas v. United States Department of Health and Human Services, et. al.*, No. 5:24-cv-00204 (N.D. Tex., filed Sept. 4, 2024); *Purl, et. al., v. United States Department of Health and Human Services, et. al.*, No. 2:24-cv-00228 (N.D. Tex., filed Oct. 21, 2024); *State of Missouri v. United States Department of Health and Human Services*, No. 4:25-cv-00077 (E.D. Mo., filed Jan. 17, 2025). Only one court has ruled on Proposed Intervenors' motions to intervene. In *Purl*, the District Court for the Northern District of Texas declined to grant Proposed Intervenors' motion to intervene on April 15, 2025. *Purl v. HHS*, 2025 WL 1117477 (N.D. Tex, Apr. 15, 2025). As part of its decision, the Court found that the Department adequately represented the Proposed Intervenors' interests, *id.* at *4–6, a proposition that the Department itself does not assert in this litigation. The Court also found that Proposed Intervenors lacked a legally protectable interest under Fifth Circuit precedent, in part determining that they were not "beneficiaries" of the 2024 Rule. *Id.* at *2–4. However, the text of the 2024 Rule indicates that Proposed Intervenors are among the intended beneficiaries of the Rule, and Proposed Intervenors' declarations make clear that the Rule benefits their practice of medicine and public health programs. As explained in Section (I)(a), *supra*, this Court should consider these facts together with Proposed Intervenors' several interests in this litigation, as the Sixth Circuit did in *Miller*. 103 F.3d 1240. Finally, the court in *Purl* "recognize[d] the closeness of the inquiry," *Purl*, 2025 WL 1117477 at *4, and in the Sixth Circuit, "close cases should be resolved in favor of recognizing an interest under Rule 24(a)." *Miller*, 103 F.3d at 1247.

the patient-provider relationship, MTI at 9–12, and in maintaining public health, MTI at 12–13, and Proposed Intervenors' motion should be granted pursuant to Rule 24(a)(2).

Defendants' analysis of *Grutter v. Bollinger*, 188 F.3d 394 (6th Cir. 1999), also misses the mark. In *Grutter*, intervenor student organizations were found to have a right to intervene in litigation challenging a university's race-conscious admissions policy because they had an interest in gaining admission to the University. *Id.* at 399. *Grutter*'s own analysis of substantial legal interest under 24(a)(2) is largely devoted to clarifying that Sixth Circuit case law "does not limit the finding of a substantial interest to cases involving the legislative context." *Id.* at 399. Discussing *Grutter* in a subsequent case, the Sixth Circuit noted that the fact that the students in *Grutter* were "directly affected by the challenged policy," would be "directly affected by the outcome of the litigation," and "enunciated a specific interest" in the case bolstered their substantial legal interest. *Coal. to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 783 (6th Cir. 2007).[4] Both *Grutter* and *Granholm* support granting the instant motion. Proposed Intervenors are directly affected by the challenged policy, would be directly affected by the outcome of the litigation, and have repeatedly explained their specific interests and how they

---

[4] Defendants also assert that *Granholm* and *Northland Fam. Plan. Clinic, Inc. v. Cox*, 487 F.3d 323 (6th Cir. 2007), do not support Proposed Intervenors' arguments that their status as regulated entities supports a finding of a substantial legal interest. In both cases, the proposed intervenors were groups that were involved in the passage of laws at issue in litigation but were not themselves regulated. *Granholm*, 501 F.3d at 781; *Northland*, 487 F.3d at 345 (the "lawsuit [did] not involve the regulation of [the proposed intervenors'] conduct in any respect."). In both cases, the courts denied the motions to intervene; *Granholm* relied on *Northland*, and in doing so summarized *Northland*'s holding: "an organization involved in the process leading to the adoption of a challenged law[] does not have a substantial legal interest in the subject matter of a lawsuit challenging the legality of that already-enacted law, *unless the challenged law regulates the organization or its members*." 501 F.3d at 781 (emphasis added). Here, Proposed Intervenors do not assert an interest based solely on being "involved in the process leading to the adoption of a challenged law" so *Northland* and *Granholm* do not limit their ability to intervene. *Id*.

5

would be harmed in the absence of the 2024 Rule. *See, e.g.,* MTI at 9–12 (describing the importance of the patient-provider relationship to DFA's members and the cities' public health departments and how it would deteriorate without enforcement of the 2024 Rule protecting patients); MTI at 12–13 (describing how public health initiatives would be harmed if patients feared seeking medical care or reporting care history for fear of out-of-state criminal investigations that the 2024 Rule precludes). In light of these showings, Defendants' conclusory assertions that Proposed Intervenors would not be adversely impacted by the outcome of this case, Defs.' Opp. to MTI at 4, cannot be credited.

### b. Resolution of this action would impair and impede Proposed Intervenors' interests.

Proposed Intervenors have argued that disposition of this case may impair or impede their ability to protect their interests in promoting public health and preserving the patient-provider relationship and thus satisfy this element of Rule 24(a)(2). MTI at 15. Defendants disagree, calling the connection "too abstract and attenuated." Defs.' Opp. to MTI at 7. In the Sixth Circuit, however, the impairment factor of the 24(a)(2) analysis "is satisfied whenever disposition of the present action would put the movant at a practical disadvantage in protecting its interest." *Wineries of the Old Mission Peninsula Ass'n v. Twp. of Peninsula, Michigan*, 41 F.4th 767, 774 (6th Cir. 2022) (citing 7C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1908.2 (3d ed. April 2022 Update)); *see also* MTI at 15 (citing additional Sixth Circuit precedent). That is exactly what is at stake here.

Proposed Intervenors have identified a clear and concrete impairment of their interests: if the 2024 rule is blocked by this Court, "patients' trust will be compromised, harming the provider-patient relationship, endangering Proposed Intervenors' ability to provide effective care to their

6

patients, and undermining the [cities'] public health missions." MTI at 7.[5] The value of these interests is supported by the text of the 2024 Rule itself, which shows that it is intended, in part, to benefit healthcare providers like the cities' public health departments and DFA's members. 89 Fed. Reg. at 32991 (Apr. 26, 2024) (describing how the 2024 Rule will improve health care providers' provision of care and improve health outcomes at "both the individual and population level"); *id.* at 32993 (the 2024 Rule "will eliminate some of the burdens health care providers face in providing high-quality health care"). If the 2024 Rule is blocked, they will need to spend time and money to reassess their obligations and allay the confusion that is likely to result. *See* MTI at 15; MTI, Petrin Decl. ¶ 17 (in the absence of the 2024 Rule, "DFA would need to expend significant resources to account for this sea change in patient protection privacy—updating its materials and reorienting its advocacy work."); MTI, Heinrich Decl. ¶ 28 (describing the "need to expend staff time and resources to account for and address this development in patient privacy" given "increased challenges to provide effective care to patients and to identify and address troubling health trends in the community."). The 2024 Rule benefits Proposed Intervenors both by design and in practice, and blocking the rule would therefore harm them and their interests.

---

[5] *See also* Section (I)(b), *supra*. In the declarations attached to the MTI, DFA member Dr. Beth Oller stated, "HIPAA and its privacy rules provide a backstop when I need to explain to my patients how their information may or may not be shared . . . If patients don't believe that I'll keep their information private, they won't come to my office or they won't tell me everything I need to know to provide them with optimal care . . ." MTI, Oller Decl. ¶¶ 10–11. The Assistant Public Health Commissioner for External Affairs and Acting Chief Health Equity Officer for Columbus Department of Health stated, "Accurate medical records assist Columbus Public Health in identifying problematic trends in public health and in evaluating the effectiveness of various public health programs. Policies that undermine the willingness of patients to share complete and accurate health information with providers . . . can have negative impacts on a department's efforts to address community health concerns, like communicable diseases and vaccinations." MTI, Johnson Decl. ¶ 23.

7

## II. Proposed Intervenors have justified permissive intervention.

If this Court does not find that Proposed Intervenors have met their burden under 24(a)(2), it should nonetheless grant permissive intervention under Rule 24(b) because the Proposed Intervenors "ha[ve] a claim or defense that shares with the main action a common question of law or fact," and their participation will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(1), (3); *see* MTI at 20 (further explaining permissive intervention requirements). Defendants focus entirely on the former requirement, arguing that Proposed Intervenors do not seek to advance a claim or defense that shares a common legal or factual question with the parties. Not true. The defense here is straightforward: Plaintiffs claim that the 2024 Rule is invalid, and Proposed Intervenors argue that it is valid. *See* Prop. Intervenors' Opp. to Mot. for Summ. J. & Prelim. Inj., ECF No. 64 (previewing the common questions of law and fact). Defendants cite non-precedential concurrences and District Court opinions to string together a theory that Proposed Intervenors' defense of the 2024 Rule is somehow not a "claim or defense" sufficient to support permissive intervention. Defs.' Opp. to MTI at 8. *Michigan State AFL-CIO v. Miller* says otherwise. In *Miller*, the Sixth Circuit reasoned that the proposed intervenor's "claim that the [legislation challenged in the litigation was] valid present[ed] a question of law common to the main action." *Miller*, 130 F.3d at 1248.[6] So too here. This Court should use its discretion to grant permissive intervention if it does not find that intervention is required under 24(a)(2).

---

[6] The Court in *Miller* had already concluded that the Chamber was entitled to intervene as of right, but because the district court had not provided reasoning for its denial of permissive intervention, the Court made a point that permissive intervention's "zone of discretion does not mean that the whim of the district court governs[,]" and added that, had it not granted intervention as of right, it would have remanded for further development of the record as to the appropriateness of permissive intervention." *Id.*

8

## CONCLUSION

For the foregoing reasons, Proposed Intervenors respectfully request that this Court grant their motion for leave to intervene under Rule 24(a)(2), or, in the alternative, Rule 24(b).

Date:   April 21, 2025

Respectfully submitted,

*/s/ Tricia R. Herzfeld*
Tricia R. Herzfeld (BPR #26014)
HERZFELD, SUETHOLZ, GASTEL,
LENISKI AND WALL, P.L.L.C
223 Rosa L. Parks Avenue
Suite 300
Nashville, Tennessee 37203
(615) 800-6225 (phone)
tricia@hsglawgroup.com

*Counsel to Intervenor-Defendants*

-and-

Shannon Rose Selden – *Admitted Pro Hac Vice*
Adam Aukland Peck – *Admitted Pro Hac Vice*
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, New York 10001
(212) 909-6000 (phone)
(212) 909-6836 (fax)
srselden@debevoise.com
aauklandpeck@debevoise.com

*Counsel to Intervenor-Defendants*

-and-

Anna A. Moody – *Admitted Pro Hac Vice*
Gabriel A. Kohan – *Admitted Pro Hac Vice*
DEBEVOISE & PLIMPTON LLP
801 Pennsylvania Avenue NW
Washington, DC 20004
(202) 383-8000 (phone)
(202) 383-8118 (fax)
amoody@debevoise.com
gakohan@debevoise.com

*Counsel to Intervenor-Defendants*

Carrie Y. Flaxman – *Admitted Pro Hac Vice*
Madeline H. Gitomer – *Admitted Pro Hac Vice*
Emma R. Leibowitz – *Admitted Pro Hac Vice*
DEMOCRACY FORWARD
P.O. Box 34553
Washington, DC 20043
(202) 448-9090 (phone)
cflaxman@democracyforward.org
mgitomer@democracyforward.org
eleibowitz@democracyforward.org

*Counsel to Intervenor-Defendants*

-and-

Jonathan Miller – *Admitted Pro Hac Vice*
PUBLIC RIGHTS PROJECT
490 43rd Street, Unit #115
Oakland, California 94609
(510) 214-6960 (phone)
jon@publicrightsproject.org

*Counsel to City of Columbus and City of Madison*

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2025, a copy of the foregoing was filed electronically via the Court's ECF system, which effects service upon counsel of record.

*/s/ Tricia R. Herzfeld*
Tricia R. Herzfeld
